IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Richard Sinrod and Yael Sinrod,

                Plaintiffs,

v.

Albertson Companies, Inc., and AB Acquisitions, LLC,

                Defendants.

Civil Action No. 20-1624-CFC

---

Richard Sinrod, Pro Se Plaintiff

*Counsel for Plaintiff*

Brian Tome, Walter O'Brien, REILLY, MCDEVITT & HENRICH, P.C., Wilmington, Delaware

*Counsel for Defendant*

## MEMORANDUM OPINION

May 4, 2021
Wilmington, Delaware

*[signature]*

COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

Plaintiffs, Richard and Yael Sinrod, have sued Defendants for negligence stemming from injuries Richard Sinrod allegedly sustained on November 1, 2020 outside an Acme Supermarket in Middletown, Delaware. D.I. 1 at 4. Richard Sinrod has brought the case pro se. D.I. 1. Plaintiffs allege that Defendant Albertsons Companies, Inc., is the owner of Acme Supermarket and that Defendant AB Acquisitions, LLC, is the owner of the premises in question. D.I. 1 at 4. Albertsons has moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction on the grounds that diversity does not exist between the Plaintiffs and Albertsons. D.I. 3.

I will grant the motion. Plaintiffs are residents of Delaware. D.I. 1 at 3. Plaintiffs admit that Albertsons is incorporated in Delaware. D.I. 1 at 3; D.I. 5 at 1. It is black letter law that corporations are considered residents of their state of incorporation for the purposes of subject matter jurisdiction. 28 U.S.C. § 1332(c)(1). Plaintiffs argue that diversity exists because Albertsons has its principle place of business in Idaho. D.I. 5 at 1. But the subject matter jurisdiction statute makes clear that corporations are residents of *both* their state of incorporation and the state of their principle place of business. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and

foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business" (emphasis added)). Therefore, diversity does not exist between Plaintiffs and Albertsons. Because I lack subject matter jurisdiction over state law negligence claims without complete diversity, I must dismiss the case. *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995) ("It is axiomatic that the federal judiciary's diversity jurisdiction depends on complete diversity between all plaintiffs and all defendants.").

The Court will issue an Order consistent with this Memorandum Opinion.